**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRCT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT L. ALBRIGHT and CARLA ALBRIGHT, | : | No. ______________ |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| vs. | : | |
| C. R. BARD, INC. and DAVOL, INC., | : | |
| Defendants. | : | |

## COMPLAINT

### Parties

1. Plaintiffs, Robert L. and Carla Albright, are adult individuals and husband and wife residing at 112 Colgate Avenue, Lancaster, Pennsylvania 17603.

2. Defendant C. R. Bard, Inc. ("Bard") is a New Jersey Corporation with its principal place of business at 730 Central Avenue Murray Hill, New Jersey, 07974. Bard is engaged in the design, manufacture, packaging, distribution and sale of medical, surgical, diagnostic and patient care devices. The company markets its products worldwide to hospitals, individual healthcare professionals, extended care facilities and alternate site facilities. Bard holds strong market positions in vascular, urology, oncology and surgical specialty products.

3. Defendant Davol, Inc. ("Davol") is a Delaware Corporation with its principal place of business at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920. Davol is a subsidiary and "division" of Bard.

## Jurisdiction and Venue

4. This Court has jurisdiction over this case under 28 U.S.C. § 1332 in that all Plaintiffs are diverse from all Defendants and the amount in controversy exceeds $150,000.

5. Venue is proper in this district under 28 U.S.C § 1391 (a) and (b) in that Defendants are regularly engaged in business in this district and throughout the United States.

## Operative Facts

6. Davol manufacturers the Bard Composix Kugel Mesh Hernia Patch and markets it through Bard. The patch is used to repair ventral hernias caused by thinning or stretching of scar tissue that occurs around incisions after surgery. The working component of the patch is a "memory recoil ring" that causes the patch to spring open after surgeons fold it flat to insert it into the body.

7. On July 20, 2005, Plaintiff Robert Albright, then age 46, underwent surgery for repair of a ventral hernia, which included the insertion of a Bard Composix Kugel Mesh Hernia Patch, Large Oval, 5.4" X 7" (17.8 x 32.8 cm), Product Code 0010202.

8. Following his surgery, Plaintiff developed persistent pain in his anterior abdominal wall with lifting, twisting or bending. Because of this pain, he has been totally disabled from employment since the surgery, and has been prescribed numerous pain medications, which have failed to provide significant relief.

9. On December 22, 2005, Defendants initiated a recall of certain product codes and lot numbers of the Bard Composix Kugel Mesh Hernia Patch.

10. On January 11, 2006, Plaintiff was examined by Joseph F. Voystock, M.D., who found no evidence of a hernia defect, but felt a fascial defect on top of the mesh hernia patch.

11. On March 24, 2006, Defendants issued letters to hospital and health care professionals alerting them to additional recalled products.

12. On March 31, 2006, the federal Food and Drug Administration ("FDA") issued an update to the December 22, 2005 recall to include additional product codes and lot numbers recalled by Davol since the initial recall. The updated notice advised:

> The "memory recoil ring" that opens the Composix Kugel Mesh Patch can break under the stress of placement of the large sized products in the intra-abdominal space. This can lead to bowel perforations and/or chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).
>
> ....
>
> Patients who have been implanted with one of the recalled devices should seek medical attention immediately if they experience symptoms that could be associated with ring breakage such as unexplained or persistent abdominal pain, fever, tenderness at the implant site or other unusual symptoms.

13. On June 5, 2006, an MRI of Plaintiff's abdomen revealed that small bowel loops were adherent to the anterior peritoneum, suggesting postsurgical adhesions. No frank herniation, abscess or discrete abnormality within the anterior abdominal wall was seen.

14. On June 22, 2006, Plaintiff was examined by Frederick C. Saunders, M.D., who noted that Plaintiff had no history of chronic inflammation in any other part of his body, and no gastrointestinal problems apart from the pain at the site of the hernia repair. Dr. Saunders further noted that Plaintiff's blood work showed a high sedimentation rate and an elevated CRP.

15. Dr. Saunders concluded that Plaintiff's pain was likely related to his mesh hernia patch, but advised that colon cancer would have to be ruled out because of the high CRP.

16. On September 22, 2006, Plaintiff underwent a nuclear medicine PET scan, which showed no tumors in his abdomen.

17. On January 12, 2007, the FDA notified health care professionals of an expanded Class I recall and withdrawal of all Large Circle and Large Oval Kugel Mesh Hernia Patches, of which Plaintiff's was one. A Class I recall means that there is a reasonable probability that the use of or exposure to the recalled product will cause serious injury or death.

## COUNT I

## STRICT LIABILITY

18. All preceding paragraphs are incorporated by reference.

19. Defendants' Bard Composix Kugel Mesh Hernia Patch was defective and unreasonably dangerous to foreseeable users and consumers, including Plaintiff Robert Albright, in one or more of the following ways:

a. The mesh hernia patch was defectively designed.

b. The mesh hernia patch was defectively manufactured.

c. The mesh hernia patch was defective and unreasonably dangerous in the absence of adequate warnings or instructions, and Defendants failed to provide such warnings or instructions.

d. Defendants failed to adequately test the mesh hernia patch.

e. Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from the mesh hernia patch.

20. At the time it was placed into Plaintiff's body, the mesh hernia patch was in the same or similar condition as when it left Defendants' possession.

21. The mesh hernia patch was not misused or materially altered.

22. The mesh hernia patch was used in a way that was foreseeable to Defendants.

23. As a direct and proximate cause of the defective and unreasonably dangerous condition of the mesh hernia patch, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

**COUNT II**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

24. All preceding paragraphs are incorporated by reference.

25. Under Pennsylvania law, Defendants warranted that the Bard

Composix Kugel Mesh Hernia Patch was merchantable and fit for the ordinary purposes for which it was intended.

26. Members of the public, including Plaintiff Robert Albright, were intended third party beneficiaries of the warranty.

27. The mesh hernia patch was not merchantable and fit for its ordinary purpose, because it could break under the stress of placement into the intra-abdominal space, leading to bowel perforations, chronic intestinal fistulae and other complications.

28. Plaintiff and his health care providers reasonably relied on Defendants' implied representations that the mesh hernia patch was merchantable and fit for the ordinary purposes for which it was intended.

29. As a direct and proximate cause of Defendants' breach of the implied warranty of merchantability, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

30. All preceding paragraphs are incorporated by reference.

31. Under Pennsylvania law, Defendants sold the Bard Composix Kugel Mesh Hernia Patch with an implied warranty that they were fit for the particular

purpose of repairing ventral hernias.

32. Members of the public, including Plaintiff Robert Albright, were intended third party beneficiaries of the warranty.

33. The mesh hernia patch was not fit for the particular purpose of repairing ventral hernias, because it could break under the stress of placement into the intra-abdominal space, leading to bowel perforations, chronic intestinal fistulae and other complications.

34. Plaintiff and his health care providers reasonably relied on Defendants' implied representations that the mesh hernia patch was fit for the particular purpose of repairing ventral hernias.

35. As a direct and proximate cause of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

## COUNT IV

## NEGLIGENT FAILURE TO WARN

36. All preceding paragraphs are incorporated by reference.

37. Defendants had a duty to exercise reasonable care to warn the medical community and end users, including Plaintiff Robert Albright and his health care providers, of the dangers and risks associated with the use of the Bard Composix

Kugel Mesh Hernia Patch to repair ventral hernias.

38. The use of the mesh hernia patch by Plaintiff and his health care providers was foreseeable to Defendants.

39. Defendants knew or had reason to know that the mesh hernia patch was dangerous and created an unreasonable risk of bodily harm when used to repair ventral hernias.

40. Defendants failed to timely and adequately warn the medical community and end users, including Plaintiff and his health care providers, of the dangers and risks associated with the mesh hernia patch, including the risk that it could break under the stress of placement into the intra-abdominal space, leading to bowel perforations, chronic intestinal fistulae and other complications.

41. As a direct and proximate cause of Defendants' failure to warn, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

## COUNT V

## NEGLIGENCE

42. All preceding paragraphs are incorporated by reference.

43. Defendants had a duty to exercise reasonable care in the manufacture, marketing, sale and distribution of the Bard Composix Kugel Mesh Hernia Patch

44. Defendants breached their duty in one or more of the following ways:

a. failing to use due care in designing the mesh hernia patch;

b. failing to use due care in manufacturing the mesh hernia patch;

c. failing to provide adequate warnings, training, or instructions with the mesh hernia patch;

d. failing to adequately test the mesh hernia patch; and

e. failing to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from the mesh hernia patch.

45. As a direct and proximate cause of Defendants' breach of their duty, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

## COUNT VI

## LOSS OF CONSORTIUM

46. All preceding paragraphs are incorporated by reference.

47. As a direct and proximate result of Defendants' actions and omissions, described above, and the resulting injuries to Plaintiff Robert Albright, Plaintiff Carla Albright has suffered a loss of consortium.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of $150,000, plus interest and costs.

JOSEPH F. RODA
Atty. I.D. No. 20615

ERIC L. KEEPERS
Atty. I.D. No. 75570

RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

*Attorneys for Plaintiffs*

DATED: July 6, 2007